## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **(1) TONDA GAEDE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.** CIV-16-993-R |
| **(1) PROFESSIONA FIRE FIGHTERS OF** | ) | |
| **OKLAHOMA, AFL-CIO/CLS, IAFF** | ) | **JURY TRIAL DEMANDED** |
| **ASSOCIATION, a Domestic Not for Profit** | ) | **ATTORNEY'S LIEN CLAIMED** |
| **Corporation,** | ) | |
| **Defendant.** | ) | |

### AMENDED COMPLAINT

COMES NOW Plaintiff, Tonda Gaede, ("Plaintiff"), through undersigned counsel, and hereby submit the following Amended Complaint against Professional Fire Fighters of Oklahoma, AFL-CIO/CLS, IAFF Association, ("Defendant"), and state and allege as follows:

### JURISDICTION AND VENUE

1.  This action arises under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e, *et seq.*, and the laws of the State of Oklahoma.

2.  The acts and/or omissions giving rise to this lawsuit occurred in Oklahoma County, State of Oklahoma.

3.  This Court has jurisdiction over the parties and the subject matter of this action, pursuant to 28 U.S.C. § 1331, and this action properly lies in the Western District of Oklahoma, pursuant to 28 U.S.C. §1391(c), because the claims herein arose in this judicial district.  Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental

1

jurisdiction over the state law claims alleged herein because they are so related to the federal claims that they form part of the same case or controversy at issue herein.

**PARTIES**

4.    Plaintiff is, and was at all times hereinafter mentioned, domiciled in and a citizen of the State of Oklahoma, and Plaintiff is a female.

5.    Plaintiff is an employee as defined by Title VII of the Civil Rights Act, the Oklahoma Anti-Discrimination Act and *85 O.S. § 341* .

6.    Defendant is a domestic not for profit corporation, conducting business within the Western District of Oklahoma.

7.    Defendant is an employer as defined by Title VII of the Civil Rights Act, the Oklahoma Anti-Discrimination Act.

8.    In conformance with Title VII statutory prerequisites, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Oklahoma Attorney General, Office of Civil Rights Enforcement.  The EEOC has now issued a Right to Sue letter for Plaintiff. Accordingly, the filing of this action is timely made.

**OPERATIVE FACTS**

9.    Tonda Gaede was hired by Defendant. During her employment, Gaede was subjected to repeated physical and verbal sexual harassment by from Rick Beams, President of Professional Fire Fighters of Oklahoma, Supervisor.

2

10. Gaede continued to reject Rick Beams' severe and egregious sexually harassing behavior, but Defendant allowed them to continue unabated.

11. Their behavior made Gaede extremely uncomfortable and created a hostile working environment.

12. Gaede reported the offensive behavior to upper management, but nothing was done to stop it, and she was subsequently ostracized.

13. On or about December 18, 2014, Mr. Beams called Plaintiff's personal cell phone and left a message threatening that there "will be trouble up there, "if someone did not call him back;

14. Plaintiff filed a grievance against Mr. Beams on December 24, 2014, upon the basis that she feared for her job and her working conditions had been changed as a result of the voicemail;

15. On or about January 24, 2015, Mr. Beams responded to Plaintiff's grievance and claimed that her job was indeed in jeopardy;

16. On or about February 9, 2015, Mr. Beams, in the presence of members of Plaintiff's union, OPEIU Local 381 and members of Professional Fire Fighters' board, denied that Plaintiff's job was in jeopardy and assured her and those present that he would not engage in any retaliation against Plaintiff;

17. On or about February 10, 2015, during a special board meeting, Mr. Beams, drunk and incapacitated, threatened her job once more, he called Plaintiff a "fucking bitch," and said "you will be fired next week," again in the presence of members of

3

the public and other firefighters;

18.   On or about February 11, 2015, during a special board meeting, Mr. Beams stated

that he apologized for what he said on February 10, but claimed that he was unsure

what he said or who he said it to because of he was intoxicated.

19.   On or about February 12, 2015, Mr. Beams was removed as her supervisor and it

was agreed that he would provide a weekly schedule of his office hours to Jim Long,

Secretary/Treasurer of the Professional Fire Fighters' board, Debra Grauman,

President of OPEIU Local 381, and Plaintiff by Friday at 5:00 p.m., to ensure that a

member of the Professional Fire Fighters' member was able to be present, Tracy

and Plaintiff were to work from home or at another location;

20.   On or about March 17, 2015, Plaintiff received an email from Mr. Long stating that

no board members were available during Mr. Beams' office hours and Tracy and

Plaintiff would have to work in the office alone unless they wanted to use personal

time;

21.   Other employees also witnessed the offensive sexually harassing behavior

towards Gaede.

22.   As a direct result of the extreme and outrageous treatment to which Plaintiff was

subjected by Defendant, Plaintiff has suffered physical and emotional symptoms

that continue through the present.

**FIRST CLAIM FOR RELIEF**
**(SEXUAL HARASSMENT IN VIOLATION OF TITLE VII)**

4

23.     Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein and further states as follows:

24.     By and through, but not limited to, the events described above, Plaintiff's terms and conditions of employment were adversely affected, and a hostile work environment was created, due to the on-going sexual harassment directed towards her.

25.     By and through, but not limited to, the actions described above, Defendant has violated Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C.§§ 2000e, *et seq*.

26.     As a direct and proximate result of said actions by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages and fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses.

27.     Defendant's actions were wilful and done with reckless indifference to Plaintiff's rights, thus warranting the award of punitive damages to her.

28.     Plaintiff has been injured by this sexual harassment, and is entitled to compensatory and punitive damages and any other damages allowed under Title VII of the Civil Rights Act of 1964 and 1991.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by Defendant is in violation of Plaintiff's rights; for an award to Plaintiff for equitable relief of back salary; compensatory and punitive damages, including emotional distress, mental

anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars ($100,000.000); costs and expenses, including reasonable attorney's fees as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

## SECOND CLAIM FOR RELIEF
## (SEXUAL HARASSMENT IN VIOLATION OF OKLAHOMA ANTI-DISCRIMINATION ACT)

29.    Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein and further states as follows:

30.    That Plaintiff is a member of a protected class, to wit: female.

31.    That Oklahoma law prohibits sex discrimination, harassment and retaliation in the workplace (as set forth in the OADA, 25 O.S. § 1302, et. seq.), and permits an aggrieved employee to bring a claim against an employer for permitting sex discrimination, harassment and retaliation.

32.    That Plaintiff was discriminated against and harassed due to her sex and retaliated against during her employment as prohibited by the OADA.

33.    That Defendant ratified the acts of its agents and employees by failing to take remedial action upon notice by Plaintiff of the circumstances or by allowing the acts to occur after receiving actual or constructive notice of those acts.

34.    That the conduct complained of constitutes illegal sex discrimination and retaliation in violation of the OADA, 25 O.S. § 1302, et. seq.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by Defendant is in violation of Plaintiff's rights; for an award to Plaintiff for equitable relief of back salary; compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars ($100,000.000); costs and expenses, as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### (RETALIATION IN VIOLATION OF TITLE VII)

35. Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

36. That as a direct and proximate result of reporting the sexual harassment she was being subjected to by Defendant's agents and/or employees, Plaintiff was retaliated against by Defendant.

37. By and through, but not limited to, the events described above, Plaintiff's terms and conditions of employment were adversely affected due to the on-going retaliation directed towards Plaintiff.

38. As a direct and proximate result of said actions by Defendant, Plaintiff has suffered, is now suffering, and will continue to suffer lost wages and fringe benefits, emotional pain, anxiety, inconvenience, mental anguish, loss of enjoyment of life, humiliation, and other pecuniary losses.

49.    Defendant's actions were wilful and done with reckless indifference to Plaintiff's rights, thus warranting the award of punitive damages to Plaintiff.

40.    Plaintiff has been injured by the retaliation she was subjected to and is entitled to compensatory and punitive damages and any other damages allowed under Title VII of the Civil Rights Act of 1964 and 1991.

    **WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by Defendant is in violation of Plaintiff's rights; for an award to Plaintiff for equitable relief of back salary; compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars ($100,000.000); costs and expenses, including reasonable attorney's fees as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

**FOURTH CLAIM FOR RELIEF**
**(NEGLIGENT SUPERVISION)**

41.    Plaintiff hereby incorporates the preceding paragraphs as though fully set forth herein.

42.    That Defendant knew or should have known that Defendant's agents and employees had a propensity for sexually harassing employees, as demonstrated by previous complaints made against that employee by Plaintiff, and others, and the observations of its management and/or supervisory employees.

43.     That at the time Defendant's agent and employee was sexually harassing Plaintiff, Defendant had reason to believe that this employee would create an undue risk of harm to others.

44.     That Defendant failed to act upon this belief.

45.     That Plaintiff was injured because of Defendant's failure to act.

46.     That Plaintiff's injuries are a direct and proximate result of Defendant's failure to act.

**WHEREFORE**, Plaintiff prays for a declaration that the conduct engaged in by Defendant is in violation of Plaintiffs' rights; for an award to Plaintiff for compensatory and punitive damages, including emotional distress, mental anguish, and humiliation, in an amount in excess of One Hundred Thousand Dollars ($100,000.000); costs and expenses as provided for by applicable law; an assessment of damages to compensate for any tax consequences of this judgment and for any such other legal or equitable relief this Honorable Court deems just and proper.

Respectfully submitted,

HALL, NALLEY & HOLLOWAY, PLLC

s\ Terry A. Hall_____
Terry A. Hall, OBA #10668
4000 N. Kickapoo
Shawnee, Oklahoma 74804
(405) 275-5242
(405) 260-9330 (facsimile)
thall@okhnhlaw.com
Attorneys for Plaintiff